O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SY LEE CASTLE,

               Plaintiff,

     v.

S. SOTO, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 14-9848-MMM (KK)

MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION REQUESTING PRELIMINARY INJUNCTION

      This is a *pro se* action filed by Plaintiff Sy Lee Castle ("Plaintiff"), a state prisoner incarcerated at California State Prison, Los Angeles County ("CSP-LAC") in Lancaster, California.  This matter is now before the Court on Plaintiff's Motion Requesting Preliminary Injunction ("Motion").  The defendants in this action have not yet been served with a copy of the Motion and therefore have not had an opportunity to respond.  However, because the Court finds the Motion meritless, the Court deems a response unnecessary.  For the reasons set forth below, the Court **DENIES** the Motion.

///

///

///

1

# I.

## BACKGROUND

On December 26, 2014, Plaintiff filed a Complaint and the instant Motion in this Court.  ECF Docket No. ("dkt.") 1.  The Complaint sues five CSP-LAC prison officials in their official capacities: (1) J. Soto[1]; (2) S. Moore; (3) A. Martinez; (4) K. Thomas; and (5) N. Marquez.  Compl. at 6-7.[2]  Defendant Soto is the Warden of CSP-LAC and defendants Moore, Martinez, Thomas, and Marquez are Correctional Officers at CSP-LAC.  Id.

In the Complaint, Plaintiff claims he suffers from a number of disabilities and is often confined to a wheelchair.  Id. at 17.  Plaintiff also alleges the defendants have failed to install: (1) wheelchair-accessible dip bars, pull-up bars, and tables in the CSP-LAC exercise yard; and (2) wheelchair-accessible drinking-water faucets in the CSP-LAC dayroom.  Id. at 10, 18-33.  Plaintiff claims the defendants' failure to install such facilities constitutes a violation of Title II of the Americans with Disabilities Act ("ADA").[3]  Id.

On December 26, 2014, Plaintiff concurrently filed the instant Motion.  Dkt. 2.  In the Motion, Plaintiff requests a preliminary injunction ordering the defendants to transfer Plaintiff to one of two correctional institutions for medically high-risk prisoners: California Medical Facility or Richard J. Donovan Correctional Facility.  See Mot. at 2, 7.  In support, Plaintiff claims he suffers from a number of medical conditions requiring treatment at these specific institutions,

---

[1] The name of this action on CM-ECF mistakenly refers to defendant Soto as "S. Soto."

[2] The Court's citations to the Complaint and the Motion refer to the documents as if they were consecutively paginated.

[3] The Complaint also briefly alleges that the failure to install such facilities constitutes a violation of Section 504 of the Rehabilitation Act of 1973.  See Compl. at 33.

1  including severe spinal cord injury, degenerative disk disease, muscle spasms, and
2  skin breakdown.  Id. at 4, 23.  Plaintiff appears to claim the defendants' failure to
3  place Plaintiff in either of these facilities constitutes a violation of Title II of the
4  ADA and Section 504 of the Rehabilitation Act of 1973.  Id. at 7.  Plaintiff alleges
5  that if he is not placed in either of these facilities, his medical conditions will
6  continue to worsen.  Id.

## II.

## DISCUSSION

9       Under Federal Rule of Civil Procedure 65, the Court may grant a
10  preliminary injunction in order to prevent "immediate and irreparable injury."  Fed.
11  R. Civ. P. 65(b).  The party seeking such relief must establish that: (1) it is likely to
12  succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary
13  relief; (3) the balance of equities weighs in its favor; and (4) the injunction is in the
14  public interest.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129
15  S. Ct. 365, 172 L. Ed. 2d 249 (2008).  Alternatively, if the plaintiff "shows that
16  there is a likelihood of irreparable injury and that the injunction is in the public
17  interest," he may demonstrate his right to a preliminary injunction by establishing
18  "serious questions going to the merits and a balance of hardships that tips sharply
19  [in his favor]."  Farris v. Seabrook, 677 F.3d 858, 864 (9th Cir. 2012) (quoting
20  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011)).
21  Because a "preliminary injunction is an extraordinary and drastic remedy," Munaf
22  v. Geren, 553 U.S. 674, 676, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008) (internal
23  quotation marks omitted), the party seeking the injunction must present evidence
24  sufficient to clearly carry his burden of persuasion on each requirement.  Towery v.
25  Brewer, 672 F.3d 650, 657 (9th Cir. 2012) (citations omitted); see also Winter, 555
26  U.S. at 22 (explaining that a preliminary injunction can issue only on "a clear
27  showing that the plaintiff is entitled to such relief").
28       "[T]o prevail on a motion for preliminary injunctive relief, the moving party

3

must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." <u>Lebron v. Armstrong</u>, 289 F. Supp. 2d 56, 61 (D. Conn. 2003); <u>see also</u> <u>Kaimowitz v. Orlando, Fla.</u>, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); <u>Omega World Travel. Inc. v. Trans World Airlines</u>, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's grant of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint); <u>Harris Const. Co. v. Tulare Local Healthcare Dist.</u>, No. CV F 13-1675 LJO-SAB, 2013 WL 6576034, at *3 (E.D. Cal. Dec. 13, 2013) (following <u>Kaimowitz</u> and <u>Omega World Travel</u>).

Here, Plaintiff's request for preliminary injunctive relief must be denied because the injury alleged in the instant Motion is unrelated to the conduct giving rise to the Complaint. The Complaint is predicated on the defendants' failure to install wheelchair-accessible dip bars, pull-up bars, tables, and drinking-water faucets at CSP-LAC. <u>See</u> Compl. at 18-33. Plaintiff's Motion is based on allegations Plaintiff suffers from medical conditions requiring treatment at California Medical Facility or Richard J. Donovan Correctional Facility. <u>See</u> Mot. at 2, 4, 7, 23. Plaintiff has not shown the injury alleged in the Motion is in any way related to the defendants' failure to install the wheelchair-accessible facilities noted in the Complaint. Hence, Plaintiff's Motion must be denied. <u>See</u> <u>Kaimowitz</u>, 122 F.3d at 43; <u>Omega World Travel</u>, 111 F.3d at 16; <u>Lebron</u>, 289 F. Supp. 2d at 61.

///

///

///

**III.**

1                                    **ORDER**

2          It therefore is ORDERED that Plaintiff's Motion Requesting Preliminary

3   Injunction is **DENIED**.

4

5

6   DATED:      May 15, 2015

7

8          _____

9          HONORABLE MARGARET M. MORROW
10         UNITED STATES DISTRICT JUDGE

11

   Presented by:
12

13  _____
    Kenly Kiya Kato
14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        5