O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SY LEE CASTLE, | ) | Case No. CV 14-9848-MMM (KK) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MOORE, MARTINEZ, THOMAS, AND MARQUEZ |
| S. SOTO, et al., | ) | |
| Defendants. | ) | |

This is a *pro se* action filed by Plaintiff Sy Lee Castle ("Plaintiff"), a state prisoner incarcerated at California State Prison, Los Angeles County ("CSP-LAC") in Lancaster, California. Plaintiff has filed a Complaint against five defendants in their official capacities: (1) J. Soto; (2) S. Moore; (3) A. Martinez; (4) K. Thomas; and (5) N. Marquez. Because the Court finds Plaintiff's claims against defendants Moore, Martinez, Thomas, and Marquez to be duplicative of his claim against defendant Soto, the Court **DISMISSES** the Complaint's claims against defendants Moore, Martinez, Thomas, and Marquez with prejudice.

///

///

///

1

# I.
# **PROCEDURAL HISTORY**

On December 26, 2014, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant Complaint. ECF Docket No. ("dkt.") 1. The Complaint sues five CSP-LAC prison officials in their official capacities: (1) J. Soto[1]; (2) S. Moore; (3) A. Martinez; (4) K. Thomas; and (5) N. Marquez. Compl. at 6-7.[2] Defendant Soto is the Warden of CSP-LAC and defendants Moore, Martinez, Thomas, and Marquez are Correctional Officers at CSP-LAC. Id. All five defendants are employees of the California Department of Corrections and Rehabilitation ("CDCR").

In the Complaint, Plaintiff claims he suffers from a number of disabilities and is often confined to a wheelchair. Id. at 17. Plaintiff alleges defendants have failed to install: (1) wheelchair-accessible dip bars, pull-up bars, and tables in the CSP-LAC exercise yard; and (2) wheelchair-accessible drinking-water faucets in the CSP-LAC dayroom, in violation of Title II of the Americans with Disabilities Act ("ADA").[3] Id. at 10, 18-33.

# II.
# **DISCUSSION**

As Plaintiff is proceeding *in forma pauperis*, the Court must screen the Complaint, and is required to dismiss the case *at any time* if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

---

[1] The name of this action on CM-ECF mistakenly refers to defendant Soto as "S. Soto."

[2] The Court's citations to the Complaint assume it is consecutively paginated.

[3] The Complaint also briefly alleges that the failure to install such facilities constitutes a violation of Section 504 of the Rehabilitation Act of 1973. See Compl. at 33.

1  seeks monetary relief against a defendant who is immune from such relief.  See 28
2  U.S.C. § 1915(e)(2)(B); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th
3  Cir. 1998).
4       Official capacity suits provide "another way of pleading an action against an
5  entity of which an officer is an agent."  Monell v. Dep't of Soc. Servs., 436 U.S.
6  658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  If the government entity
7  receives notice and an opportunity to respond, an official capacity suit is, in all
8  respects other than name, to be treated as a suit against the entity.  Kentucky v.
9  Graham, 473 U.S. 159, 165 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  For
10 this reason, district courts have dismissed official capacity claims against multiple
11 employees of the same agency as duplicative.  See Rosas v. Baca, No. CV
12 12-00428-DDP (SHX), 2012 WL 933609, at *2 (C.D. Cal. Mar. 20, 2012)
13 (dismissing claims against three of four individual defendants sued in their official
14 capacities as duplicative); Thomas v. Baca, No. CV 04-08448-DDP (SHX), 2006
15 WL 132078, at *1 (C.D. Cal. Jan. 13, 2006) (dismissing claims against six of seven
16 individual defendants sued in their official capacities as duplicative).
17      Here, under Monell, Plaintiff's official capacity claims against the five
18 defendants ultimately sue CDCR—the agency employing all five defendants.
19 Thus, Plaintiff's official capacity claims against four of the five named
20 defendants—namely Moore, Martinez, Thomas, and Marquez—are duplicative of
21 Plaintiff's official capacity claim against defendant Soto.  Hence, the Court
22 dismisses the Complaint's claims against defendants Moore, Martinez, Thomas,
23 and Marquez with prejudice as duplicative.
24 ///
25 ///
26 ///
27 ///
28 ///

## III.

## **ORDER**

It therefore is ORDERED that the Complaint's claims against defendants Moore, Martinez, Thomas, and Marquez be **DISMISSED** without prejudice.

DATED: July 9, 2015

_____
HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Kenly Kiya Kato
United States Magistrate Judge