UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE, | Case No. CV 14-9848-MMM (KK) |
| Plaintiff, | |
| vs. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| S. SOTO, et al., | |
| Defendants. | |

Plaintiff Sy Lee Castle ("Plaintiff"), an inmate at California State Prison, Los Angeles County ("CSP-LAC") proceeding *pro se* and *in forma pauperis*, has filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 against defendants J. Soto, S. Moore, and D. Romero. CM-ECF Docket No. ("Dkt.") 28, FAC at 1. The Court has now screened the FAC pursuant to 28 U.S.C. § 1915(e)(2). Based upon the reasons set forth below, the Court dismisses the FAC with leave to amend.[1]

///

///

---

[1] Defendant Soto's Motion to Dismiss is therefore denied as moot. See Dkt. 31, Mot. Dismiss.

1

# I.
# BACKGROUND

On December 26, 2014, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). Dkt. 1, Compl. at 1. The Complaint sued five CSP-LAC prison officials in their official capacities: (1) J. Soto[2]; (2) S. Moore; (3) A. Martinez; (4) K. Thomas; and (5) N. Marquez. Compl. at 6-7.[3] Plaintiff alleged the defendants failed to install: (1) wheelchair accessible dip bars, pull-up bars, and tables in the CSP-LAC exercise yard; and (2) wheelchair accessible drinking water faucets in the CSP-LAC day room, in violation of Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("RA"). Id. at 10, 18-33. On July 9, 2015, the Court issued an Order dismissing the Complaint's claims against defendants Moore, Martinez, Thomas, and Marquez without prejudice because they were "duplicative of Plaintiff's official capacity claims against defendant Soto." Dkt. 17, Order at 3.

On September 8, 2015, Plaintiff, identifying himself as "an Armstrong[4] class member," filed the instant FAC against three CSP-LAC prison officials in their official capacities: (1) Soto; (2) Moore; and (3) Romero ("Defendants"). Dkt. 28,

---

[2] CM-ECF mistakenly refers to defendant Soto as "S. Soto."

[3] The Court's citations to the Complaint assume it is consecutively paginated.

[4] Plaintiff refers to "Armstrong v. Davis/Brown" ("Armstrong"), a pending class action in the United States District Court for the Northern District of California under case number 4:94-cv-02307-CW. FAC at 12-13. Armstrong involves a "certified class of all present and future California state prison inmates and parolees with disabilities [who] sued California state officials in their official capacities, seeking injunctive relief for violations of the RA and the ADA in state prisons." Armstrong v. Wilson, 124 F.3d 1019, 1021 (9th Cir. 1997); sub nom. Armstrong v. Davis, 318 F.3d 965 (9th Cir. 2003).

FAC at 1-29.[5] The FAC alleges three claims. Id. First, Plaintiff alleges defendant Soto acted with "intentional discrimination" and "deliberate indifference" in failing to install: (1) wheelchair accessible dip bars, pull-up bars, and tables in the CSP-LAC exercise yard; and (2) wheelchair accessible drinking water faucets in the CSP-LAC day room, in violation of the ADA and the RA. Id. at 3, 17-21. Second, Plaintiff alleges defendants Moore and Romero acted with "intentional discrimination" and "deliberate indifference" in failing to install safety rails in the CSP-LAC treatment center holding cells, in violation of the ADA and the RA. Id. at 3, 22-24. Third, Plaintiff alleges Defendants violated his Fourteenth Amendment due process rights by denying him "sufficient access to programs and activities run by Defendants." Id. at 25-26.

In addition, the FAC requests: (1) declaratory judgment that Defendants violated the ADA and the RA; (2) injunctive relief to enjoin Defendants from subjecting Plaintiff to "illegal conditions, practices and omissions" and "end their practices of denying [P]laintiff . . . the benefits of, and excluding him from participation, and subjecting him to discrimination under programs and activities;" (3) compensatory damages; (4) punitive damages; and (5) costs. Id. at 26.

## II.
## STANDARD OF REVIEW

As Plaintiff is proceeding *in forma pauperis*, the Court must screen Plaintiff's FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for purposes of

---

[5] The Court's citations to the FAC assume it is consecutively paginated.

screening under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an

obligation where the p[laintiff] is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is *pro se*. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## III.

## DISCUSSION

### A. THE ARMSTRONG CLASS ACTION BARS PLAINTIFF'S CLAIMS SEEKING DECLARATORY AND INJUNCTIVE RELIEF.

A court may dismiss a plaintiff's individual claims if: (1) the plaintiff has class membership in a pending class action for equitable relief; and (2) the plaintiff's claims duplicate the class action's claims in an individual suit for equitable relief. Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result"); see Thomas v. Brown, No. 1:13-cv-00909 AWI DLB PC, 2014 WL 585421, at *3 (E.D.Cal. Feb. 14, 2014) ("A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.").

Here, Armstrong involves a "certified class of all present and future

California state prison inmates . . . with disabilities [who] sued California state officials in their official capacities, seeking injunctive relief for violations of the RA and the ADA in state prisons." Armstrong 124 F.3d at 1021.  Hence, a plaintiff cannot maintain an individual suit for injunctive or declaratory relief with respect to a California prison's alleged ADA and RA violations. Moncrief v. California Dep't of Corr., No. 2:12-cv-0414 MCE AC P, 2013 WL 4679684, at *3 (E.D. Cal. Aug. 30, 2013) (dismissing a "plaintiff's claims for declaratory and injunctive relief under the ADA and the RA" because they could "be brought in the Armstrong class action"); Roberts v. McDonald, No. 2:11-cv-0474 MCE DAD P, 2013 WL 3283351, at *9 (E.D. Cal. June 27, 2013) (dismissing a plaintiff's "requests for injunctive relief under the ADA" because "[t]here [wa]s no indication that the general injunctive relief sought [wa]s 'not covered' by the class action in Armstrong").

     Applying Crawford, Plaintiff's claims seeking declaratory and injunctive relief for ADA and RA violations are subject to dismissal. Crawford, 599 F.2d at 892-93.  First, Plaintiff is a class member in Armstrong, which seeks equitable relief for ADA and RA violations in California prisons -- including CSP-LAC. FAC at 26.  Second, Plaintiff seeks declaratory judgment that Defendants violated the ADA and the RA. Id.  Plaintiff further seeks injunctive relief to enjoin Defendants from subjecting Plaintiff to "conditions, practices and omissions" and "end their practices" that violate the ADA and the RA. Id.  Because Plaintiff's claims duplicate the class action claims in Armstrong, the Court dismisses the FAC's claims seeking declaratory or injunctive relief for Defendants' alleged ADA and RA violations. Crawford, 599 F.2d at 892-93.

**B.    PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE CLAIMS FOR COMPENSATORY OR PUNITIVE DAMAGES UNDER THE ADA OR THE RA.**

     To recover compensatory damages under the ADA or the RA, a plaintiff

1  must prove a defendant committed intentional discrimination under the "deliberate
2  indifference" standard. Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir.
3  2001). "Deliberate indifference requires both knowledge that a harm to a federally
4  protected right is substantially likely, and a failure to act upon that the likelihood."
5  Id. at 1139. In addition, punitive damages are not available in private suits brought
6  under the ADA or the RA. Barnes v. Gorman, 536 U.S. 181, 189, 122 S. Ct. 181,
7  153 L. Ed. 2d 230 (2002).

8       Here, Plaintiff fails to allege facts sufficient to establish Defendants
9  committed intentional discrimination under the deliberate indifference standard.
10 Duvall, 260 F.3d at 1138-39. Plaintiff labels defendant Soto intentionally
11 discriminatory and deliberately indifferent in failing to install: (1) wheelchair
12 accessible dip bars, pull-up bars, and tables in the CSP-LAC exercise yard; and (2)
13 wheelchair accessible drinking water faucets in the CSP-LAC day room, in
14 violation of the ADA and the RA. FAC at 3, 17-21. Plaintiff similarly labels
15 defendants Moore and Romero intentionally discriminatory and deliberately
16 indifferent in failing to install safety rails in the CSP-LAC treatment center holding
17 cells, in violation of the ADA and the RA. Id. at 3, 22-24. However, Plaintiff's
18 conclusory claims fail to establish the requisite "knowledge that a harm to a
19 federally protected right is substantially likely, and a failure to act upon that the
20 likelihood." Id. at 17, 19-24; Duvall, 260 F.3d at 1138-39.

21      In fact, Plaintiff's FAC and documents attached to Plaintiff's Complaint
22 show Defendants lacked authority to address Plaintiff's claims and the installation
23 of wheelchair accessible facilities was pending funding. See FAC; Compl.
24 Plaintiff concedes "[o]n May 10, 2014, Plaintiff['s] appeal . . . was partially
25 granted on first level of review, stating, the ADA exercise equipment will be
26 installed as soon as funding is obtained and approved." FAC at 8. Plaintiff further
27 concedes on June 27, 2014, CSP-LAC stated "equipment will be installed as soon
28 as funding is obtained." Id. Moreover, Plaintiff notes on August 19, 2014, his

1  "appeal was granted at the institutional level." Id. at 15.  Documents attached to
2  Plaintiff's Complaint also show on May 19, 2014, Correctional Sergeant D. Olmos
3  of CSP-LAC and Associate Warden T. Serba of CSP-LAC Programs and Housing
4  stated defendants Soto and Moore were "not authorized to modify the facility to
5  accommodate ADA inmates.  The California Department of Corrections and
6  Rehabilitation (CDCR) has sole authority to make any modifications, and fund any
7  modifications required under the ADA."[6] Id. at 42; see id. at 51, 73.  In addition,
8  Olmos and Serba stated "ADA exercise equipment will be installed as soon as
9  funding is obtained and approved." Id. at 43.  On June 27, 2014, Chief Deputy
10 Warden of CSP-LAC G. Biaggini repeated that "equipment will be installed as
11 soon as funding is obtained, approved, and designated by headquarters for CSP-
12 LAC to conduct these modifications." Id. at 51.

Based on the facts presented, the Court is skeptical Plaintiff can ultimately state a claim for compensatory or punitive damages.  Duvall, 260 F.3d at 1138; Barnes, 536 U.S. at 189.  However, because it is uncertain whether amendment would be futile, the Court dismisses with leave to amend the FAC's claims seeking compensatory or punitive damages for Defendants' alleged ADA and RA violations.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

### C. PLAINTIFF FAILS TO STATE A CLAIM FOR FOURTEENTH AMENDMENT DUE PROCESS VIOLATIONS.

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1.

---

[6] The Court notes Plaintiff identifies defendant Romero as "the Correctional Sergeant/ Health Care Operations" at CSP-LAC.  FAC at 6, 18.  It appears that, like defendants Soto and Moore, defendant Romero lacks authority to address Plaintiff's claims because the California Department of Corrections and Rehabilitation retains sole authority over such matters.  Compl. at 42.

"A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (internal citations and quotation marks omitted). A substantive due process violation requires "the exercise of power without any reasonable justification in the service of a legitimate governmental objective." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716, 140 L. Ed. 2d 1043 (1998). A state official's failure to comply with state law that gives rise to a liberty or property interest may amount to a procedural due process violation, which can be vindicated under 42 U.S.C. § 1983. See Carlo v. City of Chino, 105 F.3d 493, 497-500 (9th Cir. 1997).

Here, Plaintiff fails to allege facts sufficient to state Fourteenth Amendment substantive or procedural due process violations. Wilkinson, 545 U.S. at 221. While Plaintiff alleges Defendants denied him "sufficient access to programs and activities run by Defendants," Plaintiff's allegations fail to establish a deprivation of Plaintiff's life, liberty, or property. FAC at 25-26. Plaintiff fails to allege whether access to programs and activities arise from the Constitution itself, by reason of guarantees implicit in the word "liberty," or from an expectation or interest created by state laws or policies. Lewis, 523 U.S. at 846. In addition, Plaintiff fails to allege Defendants' noncompliance with any state law that gives rise to a liberty or property interest. Carlo, 105 F.3d at 497-500. Therefore, the Court dismisses with leave to amend the FAC's claims alleging Defendants violated Plaintiff's Fourteenth Amendment due process rights. Wilkinson, 545 U.S. at 221.

## IV.

## **ORDER**

For the foregoing reasons, the FAC is subject to dismissal. However, as the Court is unable to determine whether amendment would be futile, leave to amend

9

1 is granted. See Lucas, 66 F.3d at 248.

2 Accordingly, IT IS ORDERED THAT **within 21 days of the service date**
3 **of this Order**:

4 (1) Plaintiff may file a Second Amended Complaint to attempt to cure the
5 deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a**
6 **blank Central District civil rights complaint form CV-66 to use for filing the**
7 **Second Amended Complaint, which the Court encourages Plaintiff to use.**

8 (2) If Plaintiff chooses to file a Second Amended Complaint, Plaintiff
9 must clearly designate on the face of the document that it is the "Second Amended
10 Complaint," it must bear the docket number assigned to this case, and it must be
11 retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff
12 shall not include new defendants or new allegations that are not reasonably related
13 to the claims asserted in the Complaint and FAC. In addition, the Second
14 Amended Complaint must be complete without reference to the Complaint, FAC,
15 or any other pleading, attachment, or document.

16 An amended complaint supersedes the preceding complaint. Ferdik v.
17 Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). After amendment, the Court will
18 treat all preceding complaints as nonexistent. Id. Because the Court grants
19 Plaintiff leave to amend as to all his claims raised here, any claim raised in a
20 preceding complaint is waived if it is not raised again in the Second Amended
21 Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

22 The Court advises Plaintiff that it generally will not be well-disposed toward
23 another dismissal with leave to amend if Plaintiff files a Second Amended
24 Complaint that continues to include claims on which relief cannot be granted. "[A]
25 district court's discretion over amendments is especially broad 'where the court has
26 already given a plaintiff one or more opportunities to amend his complaint.'"
27 Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations
28 omitted); see also Ferdik, 963 F.2d at 1261. Thus, if Plaintiff files a Second

1  Amended Complaint with claims on which relief cannot be granted, the Court may
2  recommend dismissal of the Second Amended Complaint without leave to amend
3  and with prejudice.
4        **The Court cautions Plaintiff that his failure to timely comply with this**
5  **Order may result in dismissal of this action for failure to prosecute and**
6  **comply with court orders.**

10  Dated: October 21, 2015

                              HONORABLE KENLY KIYA KATO
                              UNITED STATES MAGISTRATE JUDGE